### HARRISON L. DOVER, Respondent, v. MISSISSIPPI RIVER & BONNE TERRE RAILWAY, Appellant.

#### St. Louis Court of Appeals, March 17, 1903.

1. **Injury, Personal: BAGGAGE AGENT: NEGLIGENCE: OPEN SWITCH.** Whether there was negligence in leaving open a switch to a sidetrack, into which the train on which plaintiff was a baggage agent ran, injuring him, is a question for the jury, there being evidence that a switchman of another train opened it, and left it open after his train had picked up cars from the sidetrack.

2. ———: ———: **INSURANCE OF THE INJURED DOES NOT RELEASE COMPANY: NO CONTRACT TO RELEASE.** The insurance by a railroad employee in an accident company against injury in his employment, the premium being paid partly by him and partly by his employer, and acceptance by him of benefits thereunder, does not discharge his employer from liability to him, there being no contract by which he accepted or agreed to accept the insurance money in settlement of his claim against his employer.

3. ———: ———: **VERDICT NOT EXCESSIVE.** The verdict of $2,000, under the evidence, not regarded as excessive, the injured being but forty-five years old, his right hand being permanently injured and other injuries probably permanent.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*James F. Green* for appellant.

(1)  Plaintiff having elected to accept indemnity from the insurance company, and having given a receipt in full for injuries sustained by him, is precluded from again recovering against defendant. Petty v. Railroad, 35 S. E. 85; Eckman v. Railroad, 169 Ill. 312;

Johnson v. Railroad, 163 Pa. St. 127; Fuller v. Assn. 67 Md. 433; Lease v. Railroad, 10 Ind. App. 47; Moore v. Railroad, 152 Ind. 345; Donald v. Railroad, 93 Ia. 284; Bell v. Railroad, 44 Neb. 44; Owing v. Railroad, 35 Fed. 715; State v. Railroad, 36 Fed. 655. (2) The damages awarded are excessive and unwarranted by the evidence in the case. Sawyer v. Railroad, 37 Mo. 264; Fairgrave v. Moberly, 29 Mo. App. 151; s. c., 39 Mo. App. 31; Honeycutt v. Railroad, 40 Mo. App. 679; Lemser v. Mfg. Co., 70 Mo. App. 217; Haynes v. Trenton, 108 Mo. 123; Hurt v. Railroad, 94 Mo. 255; Whelan v. Railroad, 38 A. & E. R. R. Cases 146; Burdict v. Railroad, 123 Mo. 236; Cook v. Railroad, 68 S. W. 230. (3) The rule of the earlier Missouri cases as to damages has been modified by the case of Chitty v. Railroad, 166 Mo. 445, and the amount of damages must now meet the approval of the appellate courts.

*Byrns & Bean* for respondent.

(1) It was undisputed that the switch in question was open and set for the side track at the time defendant's servants ran the train into it, and the defendant's servants carelessly ran the train into the open switch. Also, that the switch was negligently left open by defendant's servants. The crew of defendant's north-bound train were the last to use the switch in question and had it open. He could not remember who handled the switch or whether it was closed. Witness Tetley said he thought that they left the switch open. (2) When it appears that the servant was injured in a train collision, a prima facie case is made against the master. Shuler v. Railroad, 87 Mo. App. 619; Stubbs v. Railroad, 85 Mo. App. 192. (3) The law is well settled that damages, which a plaintiff is entitled to recover for injuries to person, can not be reduced by amounts received on policies of insurance. 8 Eng. and Am. Ency. of Law (New Ed.), p. 690.

REYBURN, J.—This is an appeal by defendant from a judgment of the Jefferson Circuit Court in favor of plaintiff for the sum of $2,000, in an action for personal injuries. The plaintiff, an employee of the defendant as a baggage agent, while in the performance of his duties, being transported in the baggage car of one of defendant's trains on the 3d of August, 1900, was injured in consequence of the train on which he was riding colliding with a car standing on the switch track of defendant, which switch, it was averred, had been negligently left open by the servants of defendant, and that the engineer in charge of the engine pulling the train on which plaintiff was employed knew the switch was open, or by the exercise of ordinary care might have known it. He was thrown against the front end of the car by the force of the collision, and the injuries sustained were charged to be the following: the second or great finger of plaintiff's right hand was cut off, the end of the third finger of the same hand was cut off, the index finger and the little finger of the same hand were each mashed, a cut received over the left eye, and in being thrown the plaintiff received a severe wound of the muscles and nerves of the back about and below his kidneys; that his right hand was permanently injured, and since receiving the injury to his back he had been unable to control his urine; that the injury was permanent, he had spent about two months in the hospital, had suffered great bodily pain and would continue to suffer on account of the injuries. The answer was a general denial, a plea of risk assumed incident to the service, a plea of contributory negligence, and as a special defense and in mitigation of any damages it charged that in pursuance of an arrangement made between plaintiff and defendant, the plaintiff after entering the employment of defendant had obtained a contract of insurance in the Aetna Life Insurance Company of Hartford, Connecticut, of date March 29, 1900, by which, upon payment of $2.72 per month, the in-

surance company would insure the plaintiff for any damage sustained by him on account of injuries which he might receive while in the employ of defendant; that under such policy, in case of any injury, the plaintiff was entitled to receive from the insurance company the sum of one dollar per day for each day he was disabled from active service for a period of fifty-two weeks in case his injury continued for that space of time; that such contract was procured in pursuance of an agreement between plaintiff and defendant by which it was agreed that each should pay one-half of the premium required for such insurance per month to maintain such policy of insurance; that pursuant to such agreement with plaintiff, the defendant fully complied with such contract, and from the date of the policy paid monthly to the insurance company the premium required to be paid by it, but upon the agreement with plaintiff that in case of loss or injury by him he should look to such insurance company for his indemnity for such loss under its policy, and the amount of such indemnity should be in full satisfaction for any loss for injuries sustained by the plaintiff, and that this was the consideration which induced defendant to pay for such insurance. That after the injury sustained by plaintiff, the plaintiff had the option or election to demand indemnity from defendant for such injury, or demand or receive such indemnity from such insurance company, and that if he elected to receive such indemnity from the insurance company under the policy, he had the right to receive the sum of one dollar per day during the whole time he was injured or disabled, not to exceed a period of fifty-two weeks; that after the injury, notwithstanding that plaintiff had the right to receive, if he had received a permanent injury, indemnity to the amount of one dollar per day for such period of fifty-two weeks, he accepted and received from the insurance company in full satisfaction of any claims under such accident policy and on account of the inju-

ries received by plaintiff set forth in his amended petition, the sum of $223, and in writing released such insurance company from all liability on account of such injuries; that the plaintiff was precluded from recovering any sum on account of the injury set forth, and that he had accepted and received full satisfaction for such injuries from the insurance company, and had elected to accept such satisfaction in lieu of any claim for damages against defendant. At the close of the testimony introduced by plaintiff, and at the termination of all the testimony in the case, the defendant requested the court to instruct the jury that under the pleadings and evidence the finding and verdict should be for the defendant, which request the court refused and gave a series of instructions on the part of plaintiff and defendant, which need not be analytically considered.

1. The first contention of defendant is that the averment of plaintiff's complaint that "the switch had been carelessly, negligently and wantonly left open by the agents of the defendant," was not sustained by the evidence, and that the first instruction submitting such issue to the jury ought not to have been given. There is abundant evidence, in fact it is conceded, that the switch in question was open and set for the side track at the time the train, on which plaintiff was, ran into it, and the testimony further tends to show that a north-bound freight train of defendant had passed shortly before, and had picked up two cars from the side track, using the switch; that the switchman, one of the crew of the north-bound train, got off and threw the switch, and that it was probably he who left the switch open, and it was properly left to the jury to determine whether defendant's servants had been guilty of negligence by leaving the switch open connecting the side track with the defendant's main track. Appellant made no effort to rebut the presumption of negligence arising from the occurrence of the collision, so

that even if the evidence did not sustain the charge that the switch was negligently left open, the verdict would be warranted by the unexplained collision and no reversible error was committed by the instruction complained of.

2. It is strenuously contended by defendant that the acceptance by plaintiff of the indemnity from the insurance company was a discharge and release of any right of action against his employer, the railway company, especially in the light of the form of the plaintiff's claim, verified by his affidavit dated February 27, 1901, made against the insurance company under the policy, which first detailed the foundation and amount of his demand and then recited "which, when paid, shall be in full discharge of all claims which I have, or may have, on account of the personal injuries aforesaid."

In support of its position, we have been cited and appellant attempts to apply those authorities from other States holding that a contract of membership in a railroad relief association between a railroad employee and such association, which accorded the employee in case of injury the right of election either to sue the company for damages or accept the benefits of the relief fund, upon the condition that such acceptance should be a release and satisfaction of his damages against the railroad, was valid and not against public policy, and that the voluntary acceptance of the benefits provided for in his contract of membership in such relief association by a railroad employee after receiving an injury, where such contract provided that such acceptance would operate as a satisfaction of further claim against the railroad on account of such injury, was a bar to a subsequent suit for damages against his employer. But the facts in the case at bar do not bring it within the range of those decisions, in all of which the election of remedy and the discharge of the employer, in event of acceptance of the benefits paid by the relief associa-

tion, were presented as constituent elements of an express contract. The testimony herein fails to establish any express contract by which he agreed to accept, or did accept, the indemnity paid by the insurance company in settlement of his claim for damages against the defendant. The claim made by him for indemnity under the policy against the insurance company, and the receipt indorsed upon the draft for the amount paid him under the policy, do not mention the defendant, but on the contrary the terms of the release expressly are confined to a discharge of the insurance company, and no implied agreement for release of the claim for damages by plaintiff against defendant can be logically inferred from the mere claim and acceptance of the benefits of the accident insurance policy. We have seen no authority sustaining any such implication, and the general rule is well established that there can be no abatement of damages by reason of partial compensation from a collateral source. Dillon v. Hunt, 105 Mo. 154.

The appellant asked the following instructions:

"The court instructs the jury, that if you find and believe from the evidence that a policy of insurance to indemnify plaintiff against loss or damage by injury received by him while in defendant's employ, was procured from the Aetna Life Insurance Company, by an arrangement between the plaintiff and defendant, each paying one-half of the premium for such insurance, and that defendant complied with its part of the contract and paid all of the premiums due from it up to the time plaintiff received his injuries, and that defendant received from said insurance company the sum of $223 in settlement of the injuries received by him, and executed a release and receipt to such insurance company, then, in that event, plaintiff can not recover any further sum, as against the defendant."

But the court modified it by adding:

"And further find that such insurance was intended

by plaintiff and defendant to be in lieu of any claim of plaintiff against the defendant for any injury received by him while in defendant's employ."

The court also gave the following instruction at appellant's request:

"The court instructs the jury that if you believe and find from the evidence that a contract for indemnity insurance was procured for plaintiff and he was entitled to receive from the insurance company for his injury, indemnity for a period of fifty-two weeks at the rate of one dollar per day, and further find that he accepted the sum of $223 in full setttlement of his claim in said insurance policy, then you may take such facts into consideration in determining the extent and character of his injuries and in mitigation of damages, if any, which you believe he is entitled on account of injuries."

These instructions as given by the court fairly presented for the consideration of the jury the issue that the benefits received under the policy were in satisfaction and discharge of any claim for damages against his employer, and also emphasized appellant's claim of partial payment by it of the accruing premiums and directed the jury that the acceptance of the sum paid by the insurance company might be taken into consideration in mitigation of damages, and were as favorable to defendant as the proof sanctioned.

3.   This court is urged to set aside this verdict as excessive.   The testimony shows that the defendant was in his forty-fifth year at the time of the occurrence; that he was in the hospital several months, and required medical attention much longer; was unable to resume his employment for eight months, his right hand permanently impaired, and the other injuries detailed by him remained at the time of the trial and might also prove continuous.   His wage-earning capacity did not seem diminished and the physician who attended him

did not regard his injuries as serious, but the question of damages was one peculiarly for the jury, and there was substantial testimony by which the jury was warranted in its action, and we can perceive no just reason for determining that the jury in its finding was actuated by passion, prejudice or other improper influences, and in the absence of such conviction, we are not authorized to interfere with it.    Affirmed.    *Bland, P. J.,* and *Goode, J.,* concur.